UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| IN RE: ) | |
| ) | Case No. 23-14516-JGR |
| THE PAD SILVERTHORNE, LLC ) | |
| ) | Chapter 11 |
| ) | |
| Debtor. ) | |

**OBJECTION TO APPLICATION OF JEFFEY KOLESSAR FOR ALLOWANCE AND PAYMENT OF ADMINISTRATIVE EXPENSE CLAIM**

The Debtor and Debtor-in-Possession, The PAD Silverthorne, LLC ("Debtor" or "The PAD"), by and through its attorneys, Kutner Brinen Dickey Riley, P.C., states its Objection to the Application of Jeffrey Kolessar for Allowance and Payment of Administrative Expense Claim, and in support thereof states as follows:

### BACKGROUND

### A. *Development of The PAD Silverthorne*

1. The Debtor filed its Voluntary Petition pursuant to Chapter 11 of the Bankruptcy Code on October 4, 2023 (the "Petition Date").

2. The Debtor owns and, on a pre-petition basis, was operating a unique concept hotel/hostel known as The PAD located in Silverthorne, Colorado. Robert and Lynne Baer are the owners and operators of the Debtor.

3. While appearing on its surface to be another hotel accommodation in a mountain town in Colorado, at its core The PAD is a unique concept for Silverthorne.

4. In 2017, Mr. and Mrs. Baer formed The PAD to develop and build a hotel/hostel accommodation in Silverthorne, Colorado. In developing The PAD, Mr. and Mrs. Baer changed the business model from one that was traditionally centered on frequent travel, such as hostels typically found in Europe or South America, to one that was more centered around community because of the unique nature of Silverthorne. The development proposal further focused on environmental responsibility, using recycled shipping containers for part of the property and ensuring energy efficiency and green policies.

5. After acquiring the real property located at 491 Rainbow Drive ("Property"), the Debtor broke ground on the construction of the hotel/hostel in late November 2019.

1

6. In order to fund the construction of the Hotel, the Debtor entered into a Promissory Note on or about February 27, 2020 evidencing a loan from BRMK Lending, LLC d/b/a ReadyCapital ("BRMK") in the original principal amount of $12,262,571.00. The Note is secured by a Deed of Trust, Security Agreement, and Fixture Filing with Assignment of Leases and Rents ("Deed of Trust") encumbering the Hotel. The Debtor's books and records reflect that BRMK is owed approximately $13.3 million.

7. Despite the growing operations, the significant delays experienced during construction caused a financial strain to the Debtor's operations and, as a result, the Debtor defaulted on its loans, ultimately resulting in the appointment of a receiver in September 2023, and the Debtor's filing of its voluntary petition on October 4, 2023 in order to restructure its debt and remain in operation as a going concern.

### B. *Receivership Operations and Turnover*

8. Pre-petition, as a result of the Debtor's ongoing financial difficulties, the Debtor defaulted on its payments to BRMK. As a result of the default, on September 14, 2023, the District Court for Summit County, Colorado entered its Order Appointing Receiver in Case Number 2023CV30113, appointing Jeffrey Kolessar of GF Hotels as receiver ("Receiver") over the Hotel and the Debtor's operations therein (the "Receivership Order"). A copy of the Receivership Order is attached hereto as Exhibit A.

9. The Debtor fully cooperated with the Receiver at all times following his appointment, and throughout the transition period.

10. After the transition of operations back to the Debtor and turnover of funds and records, the Debtor determined that a number of problems existed with respect to a variety of vendors and operational issues that the Debtor has been working to resolve since retaking operations.

11. Specifically, in numerous instances, the Debtor determined that key vendors, including booking sites, were not paid by the Receiver.

12. The Receiver now seeks allowance and payment of an administrative expense claim for invoices issued to the Receiver without any indication that the expense for which the administrative expense claim is sought was actually paid.

13. As set forth more fully herein, while the Debtor acknowledges that the Receiver may be entitled to some amount of an administrative expense claim the Debtor asserts that the

Receiver has thus far failed to meet his burden to establish that he is entitled to an administrative expense claim in the amount sought.

## LEGAL ARGUMENT

14. Pursuant to 11 U.S.C. § 543(c)(2), the court shall, after notice and a hearing, "provide for payment of reasonable compensation for services rendered and costs and expenses incurred by such custodian." Section 503(b)(3)(E) further provides that there may be an administrative expense claim for the actual necessary expenses and compensation for services of a custodian superseded under section 543.

15. The Debtor does not dispute that the Receiver is a custodian as defined under the Bankruptcy Code, and is entitled to some amount of an administrative expense claim for reasonable fees for services provided and reasonable expenses. However, the burden is on the Receiver to establish that he is entitled to an administrative expense priority, including that the expenses and fees sought are reasonable. *See In re Sevitski*, 161 B.R. 847, 854 (Bankr. N.D. Okla. 1993)(citing *In re Mid Region Petroleum, Inc.*, 111 B.R. 968 (Bankr. N.D. Okla. 1990).

16. In the present case, the actual amount of fees sought be the Receiver in the amount of $22,193.55 are not unreasonable under the circumstances. However, the fees sought be the Receiver are not the only amounts sought in the Application, and are the not the source of the Debtor's objection.

17. The Receiver also seeks $51,955.68 in attorney fees as an allowed administrative expense. These fees are almost double what was billed by counsel for Debtor during the same time period, and the Debtor lacks sufficient information to determine if the fees are reasonable and were actually necessary to the administration of the estate.

18. A number of the other expenses may be actual and necessary expenses for the administration of the estate – such as expenses to Sysco Denver, Booking.com, and True North Companies. However, there is no evidence that the Receiver actually paid such expenses, or that the Receiver remains obligated to pay such expenses. All of the line items for the various expenses appear to demonstrate the amounts are owed, and have not been paid, in some instances indicating that the expenses are 60 to 90 days due. Given that a lot of the vendors to whom expenses are 60 to 90 days past due or more are critical vendors that are necessary to the Debtor's continued

operations, the Debtor may have already paid such expenses to ensure a continuity of services and access to electronic platforms like Booking.com.

19. To the extent that any of the expenses were not paid by the Receiver, or if the Receiver is no longer obligated to pay them, or if the Debtor has already paid such expenses, the Receiver should not be entitled to an administrative expense for such amounts.

20. The Debtor further objects to the Application to the extent the Receiver seeks immediate payment of any allowed administrative expense. While any allowed administrative expense will be required to be paid upon confirmation of a Plan, there is no basis to require the immediate payment of any allowed administrative expense, particularly during a critical time the in the Debtor's reorganization efforts.

WHEREFORE, the Debtor prays the Court deny the Application of Jeffrey Kolessar for Allowance and Payment of Administrative Expense Claim, and for such further and additional relief as to the Court may appear just and proper.

DATED: February 21, 2024  Respectfully submitted,

By: /s/ Keri L. Riley
Keri L. Riley, #47605
Jonathan M. Dickey, #46981
**KUTNER BRINEN DICKEY RILEY, P.C.**
1660 Lincoln Street, Suite 1720
Denver, CO 80264
E-mail: klr@kutnerlaw.com
Telephone: 303-832-2910